## INDUSTRIAL COMMISSION v SCHICK

Ohio Appeals, 5th Dist, Stark Co

caused him to be disabled and less active and that his body became weak as the result thereof and that the work which he was doing on the morning previous to his death was too strenuous for him in such disabled condition and that as the result of such work he died, then your verdict must be for the defendant."

By this request it is clear that the Commission sought to have the jury instructed that an intervening cause was the proximate cause of death and that the injury bore no relation to it.

To our notion this request is subject to the same criticism hereinbefore noted in regard to request No. 1. It takes from the consideration of the jury all and any question of acceleration of the heart disturbance which the evidence clearly shows sprung from the injury received and the pain and suffering endured.

It is also pointed out that this charge attempts to remove from the jury's consideration any contributing effect of the injury and this is likewise true. It appears from the evidence that the decedent sustained dizzy or sinking spells upon the slightest of exercises and to now say that death was due to the sole cause of slight exertion is to totally disregard the main issue in this case which was. Was the proximate cause and acceleration of conditions causing death, which directly grew out of the injury sustained? The proof in this case is uncontradicted in this respect and proof thereof is accordingly made.

As a third ground of error it is urged that counsel for the defendant in error made improper comment in argument to the jury, and fourth, that the judgment is against the weight of the evidence. We have examined these claimed errors and find no errors therein, and the judgment is affirmed.

GARVER, PJ, and LEMERT, J, concur.

Counsel for the Industrial Commission filed a motion to certify the record in Supreme Court, the brief filed in support thereof, setting out substantially the same contentions as presented to the Court of Appeals.

SUPREME COURT: Overruled the motion to certify the record thereby making the decision of the Court of Appeals final.

## OPINION

By SHERICK, J.

We are of the opinion that the claim of the defendant in error is sound. The charge, as requested, is not a complete charge. It was not the claim of the claimant that the injury was the proximate and sole cause of the decedent's death. The facts in this case show that the injury received and the long period of suffering endured created a heart disturbance shortly thereafter, and which may be said to be the primary cause of death. Death, however, was contributed to by the injury sustained and which is in the direct line of causation.

The Supreme Court in the case of **Weaver v Industrial Commission, 125 Oh St 465,** approved of a charge which the trial court therein refused to give, and it was held that such refusal was prejudicial error, and the court speaking, said:

"Under this provision the plaintiff in an appeal case from a denial of award by the Industrial Commission for death of a workman or employee has to establish that the injury was the proximate cause of the death, or was the proximate cause of the acceleration of death."

It is our opinion that this authority is directly contra to the claim of the plaintiff in error in that its special request No. 1 is law applicable to the case, and had the jury received this instruction and followed it there could have been but one result, that is, to have disregarded the alternative theory of the case upon which this cause was actually tried.

As a second ground of error it is claimed that the trial court erred in its refusal to give special request No. 2. It reads as follows:

"If you find that the injury which plaintiff's husband received on March 18. 19??,