## WALLINGFORD v INDUST. COMM.

Ohio Appeals, 1st Dist, Warren Co

No 197. Decided Oct 31st, 1941

## 462

Joseph I. Williams, Cincinnati, for appellant.

Thomas Herbert, Columbus, and C. Donald Dilatush, Lebanon, for appellee.

## OPINION

By MATTHEWS, PJ.

This is an appeal from the Court of Common Pleas of Warren County, which rendered a judgment upon a verdict in favor of the defendant.

The plaintiff was employed as a governess in the Warren County Children's Home at Lebanon, Ohio. On October 12th, 1935, a last weighing several pounds fell on the big toe of her right foot while she was fixing a shoe for one of the inmates. She received a multiple fracture of the distal phalange as a result.

She was examined by a physician two days afterward at the Home and as a result was taken to a hospital in Lebanon where the fracture was disclosed by an examination by means of X-Ray. Her toe was strapped and she was sent back to the Home. A day or so after she went to her daughter's home near Cincinnati, where she stayed until the latter part of October, 1935, when she returned to the Home in Lebanon, to resume her work. During this time the plaintiff was rather inactive, but was not confined to her bed, and after she returned to the Home she resumed her duties which required active physical exertion. The physician saw her at the Home on October 28th, when she complained of her toe and coughed and had pain in her chest. The physician saw her the next day at the Home and on the follow day (October 30th) she was taken to the Hospital in Lebanon, where her condition was diagnosed as lobar pneumonia. At that time the physician looked at her toe, but did not treat it in any way, and, so far as the evidence discloses, the toe healed without any further treatment. She remained in the hospital nineteen days. When she left her condition was described as "improved, but not well".

The evidence shows that the plaintiff continued in a weakened condition from that time to the time of the giving of her testimony, by deposition in 1937. At that time she was in Arizona. It appears from her testimony that her father and sister had died of tuberculosis. There is ample evidence that she suffered from lobar pneumonia, and that that was followed by a general weakened condition of her lungs.

The Industrial Commission allowed the plaintiff's claim for disability resulting from the injury to the toe, but on the plaintiff's application for additional compensation because of disability resulting from pneumonia refused the application on the ground that such disability did not result from the injury. And one of the questions in the

record and the decisive one, is whether there is any substantial evidence of a causal relation between that condition and the injury to her toe which she sustained in the course and arising out of her employment. To establish this causal relation the plaintiff called a physician to testify as an expert in answer to a hypothetical question. In answer to such a question this expert said:

"My opinion is that she had this pneumonia as a result of the injury—that it is a known fact—that pneumonia does follow fractures—that in this particular case, that this woman probably, and without any doubt, had an embolism as a result of a blood clot around this injury, and walking around on it, it loosened up and floated around in the blood stream; and it struck the lung, and in that way produced the lobar pneumonia."

There was no evidence other than this opinion that any embolism developed at the site of this injury, or that it was carried in the current of the blood to lodge in the lung. There is no evidence of any symptoms from which an inference could be drawn that an embolism developed in the lung unless the mere fact of lobar pneumonia is a symptom in and of itself. All the physicians testified that labor pneumonia was caused by the inhalation of germs. It is clear that in order for the expert to reach the conclusion that there was a causal relation between the injury and the lobar pneumonia, it was necessary for him to find a condition concerning which there was no independent evidence, that it was necessary for him to supplement the hypothesis incorporated in the question by his own finding or hypothesis of an embolism in the lung, and that to permit such latitude to opinion evidence would extend the reasoning process beyond the bounds of rationality and infringe the rule against drawing an inference from an inference. **Sobolovitz v Lubric Oil Co., 107 Oh St 204**; U. S. v Ross, 92 U. S. 281; 20 Am. Jur. 168, et seq.;

Thayer on Evidence, 208; **17 O. Jur. 87.**

As the assumption of embolism by the expert lacked probative value we are of the opinion that the evidence fails to show any trauma to the lung. The proof is conclusive that there was an injury to the toe, but there is no evidence in the record that there was any injury to any other part of the body as a result of the last falling upon the plaintiff's toe.

It was incumbent upon the plaintiff to prove that the disability upon which she based her claim for compensation resulted directly from the injury. As the disability was admittedly the effect of disease contracted after the injury, this required her to prove that the injury directly caused or contributed to the disease. And to entitle her to have the issue of direct cause submitted to the jury, substantial evidence of such a causal connection between the injury and the disease was essential. The plaintiff failed to produce this substantial evidence, and the motion of the defendant for an instructed verdict should have been sustained. However, the court submitted the case to the jury which, as already noted, found for the defendant.

It is claimed that the court erred in giving this special instruction at defendant's request:

"No recovery can be had from the Industrial Commission of Ohio for pneumonia contracted after an accidental injury when such pneumonia is entirely disassociated from the injury and this is true even though the injury would reduce the power of an employee to resist the disease known as pneumonia. Therefore, if you should find from a preponderance of all the evidence in this case that the pneumonia which plaintiff complains of was due solely to the fact that the injury received on October 12, 1935, reduced the power of the plaintiff to resist disease, and independent of all other causes, then your verdict must be for the Industrial Commission of Ohio."

The first sentence of this charge, without doubt, states a ▮▮▮▮ correct rule of law. **Drakulich v Industrial Commission, 137 Oh St 82; Nicolaci v Industrial Commission, 26 Abs 631; Industrial Commission v Schick, 125 Oh St 419.** But, in the second sentence the thought of the pneumonia and the injury being "entirely disassociated" seems to be abandoned, and in its stead is the hypothesis that the origin of the pneumonia had some relation to the injury, or the reduced power to resist the disease resulting from the injury. If the pneumonia was "due solely", that is, solely attributable, to the natural condition produced by the injury, it is difficult to see how it could be said as a matter of law that the injury was not the direct cause of the pneumonia. The language of the second sentence of the charge seems to disregard the fact that pneumonia is a disease caused by germs and to treat it as a condition resulting directly and solely from injury.

To say the least, the charge was misleading, and should not have been given. Whether under other circumstances it would be regarded as so prejudicial as to require a reversal of the judgment we are not called upon to decide, but we are clear that in this case, that as there was no substantial evidence of causal relation between the injury and the pneumonia, a verdict should have been directed for the defendant, and, therefore, no prejudice could have resulted.

Counsel for the plaintiff relies chiefly upon the pronouncements of the Court of Appeals of the 5th District **(19 Abs 319)** in reviewing the proceedings at the second trial of the case of Schick v Industrial Commission, after the judgment for defendant on the first trial had been reversed by the Supreme Court in **125 Oh St 419.** We find nothing in that opinion inconsistent with our holding. The facts were different and the special charges were different. No contagious or infectious disease was involved. The employee had died of acute dilation of the heart, and there was evidence from which the jury could have inferred that his heart was injured by the strain to which it was subjected by the pain and suffering naturally accompanying and following the injury in the course of his employment. It is true the Court used the expression of acceleration of a disease, but there was no evidence whatever of a pre-existing disease to make the term acceleration strictly descriptive under the rule first announced in this state in the case of **Ackerman v Industrial Commission, 131 Oh St 371,** decided later. Undoubtedly the Court used the term to express a development from the injury, traumatic in its nature, as distinguished from the injury observable immediately after the accident.

The facts in this case do not differ in any material respect from the facts in the case of **Nicolaci v Industrial Commission, 68 Oh Ap 233, 31 N. E. (2d) 740; 12 OO 82; 26 Abs 631,** decided by this court, of which certification was refused both on original and rehearing by the Supreme Court. Our view of the applicable law is set forth fully in the opinion in that case and need not be repeated here.

We find no prejudicial error in the record and the judgment is affirmed.

MATTHEWS, PJ., ROSS & HAMILTON, JJ., concur.